# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| BONITA FRESHWATER,<br><br>    Plaintiff,<br><br>vs.<br><br>HYUNDAI POWER TRANSFORMERS USA INC., an Alabama foreign corporation.<br><br>    Defendant. | Case No.: 2:25-cv-00253<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff BONITA FRESHWATER ("Plaintiff"), by her attorneys, CONSUMER JUSTICE LAW FIRM, hereby complains of the Defendant, upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA"), and seeks damages to redress the injuries she suffered as a result of being discriminated against based on her actual and/or perceived disability and terminated from her employment due to her actual and/or perceived disability after requesting reasonable accommodations.

## JURISDICTION, VENUE, AND PROCEDURAL PREREQUISITES

2. Jurisdiction of this Court is proper under 42 U.S.C. § 12101 and 28 U.S.C. § 1331.

3. Venue is proper in this Court under 28 U.S.C. § 1391 (a) and (b) because "a substantial part of the events or omissions giving rise to the claim" occurred within the Middle District of Alabama, Defendant has a location and employees within this District and Defendant conducts substantial and not isolated business within the Middle District of Alabama.

4. By: (a) timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or around November 8, 2024 against HYUNDAI POWER

1

TRANSFORMERS USA INC.; (b) receiving a Notice of Right to Sue from the EEOC on January 2, 2025; and (c) commencing this action within 90 days of the issuance of the Notice of Right to Sue by the EEOC, Plaintiff has satisfied all of the procedural prerequisites for the commencement of the instant action. A copy of the Notice of Right to Sue is annexed hereto as Exhibit A.

## PARTIES

5. Plaintiff is a resident of the State of Alabama, County of Montgomery.

6. At all relevant times, Plaintiff was employed in Defendant's Alabama location, located at 215 Folmer Parkway Ave. #M28, Montgomery, AL, 36105.

7. Upon information and belief, HYUNDAI POWER TRANSFORMERS USA INC. (hereinafter referred to as "HYUNDAI") is a domestic business corporation duly existing by the virtue and laws of the State of Alabama, that does business in the State of Alabama.

8. Upon information and belief, Defendant HYUNDAI employs fifteen or more employees.

9. Defendant HYUNDAI is an "employer" within the meaning of the ADA and is located within the jurisdiction of this Court.

## STATEMENT OF FACTS

10. On or about May 3, 2024, Plaintiff received a text message from an individual known to Plaintiff only as Matt ("Matt") who, at the time, was an employee and manager at HYUNDAI.

11. During this text message conversation, Matt informed Plaintiff that he had received Plaintiff's resume at a job fair and asked her various questions regarding her current employment situation, whether Plaintiff was still seeking employment, and giving Plaintiff additional information on shifts and positions available at Defendant's location.

12. On or about May 6, 2024, Plaintiff was interviewed for a full-time position and subsequently hired for that position.

13. On or about May 13, 2024, Plaintiff began her employment as a full-time production worker at HYUNDAI earning $16 an hour.

14. On or around May 13, 2024, Plaintiff arrived to her first day of work at HYUNDAI and was meant to undergo an onboarding training period to better understand her responsibilities as a production worker.

15. However, upon entering the workplace, Plaintiff suffered a sudden medical emergency resulting in severe swelling to her face.

16. Plaintiff was immediately rushed to the emergency room at Baptist Medical Center South in Montgomery, AL (hereinafter referred to as "Baptist Hospital") where she received treatment to address the sudden swelling she suffered at HYUNDAI.

17. Plaintiff received a written doctor's note stating that Plaintiff required two days off from work and would be able to return to work on May 16, 2024.

18. Plaintiff quickly provided the aforementioned request for accommodation to Defendant via text message to Matt and a Defendant employee known to Plaintiff only as Jason ("Jason").

19. Plaintiff also sent Matt and Jason images of the medical records from Baptist Hospital, an image of her severely swollen face and an image of her laying in a hospital bed.

20. Plaintiff was shocked when she received a response from Defendant informing her that they would not accommodate the medical recommendation and were terminating her employment at HYUNDAI.

21. Specifically, in response to Plaintiff's request for accommodation, Plaintiff was told by Jason:

- *"... I just showed him the documentation and the photo and he said it's just too much time to miss in the first week. We have a very strict training process and it is very crucial you are here during it because we are not able to go back and repeat it. You will be paid on the 28th for the time you were here and can reapply in 90 days but at this time we will not be able to continue with your employment. Access to this number will be cut off but if you have any further questions you can email us at [recruit@hhiamerica.com](mailto:recruit@hhiamerica.com)"*

22. While Plaintiff tried to present her doctor's note for reasonable accommodations concerning her disability, a mere two day absence, Defendant refused to accommodate Plaintiff and terminated her employment.

23. Due to the anxiety caused by Defendant's refusal to accommodate and Plaintiff's fear of retaliation, Plaintiff was willing to return to work immediately against the doctor's recommendation.

24. Specifically, Plaintiff responded to Defendant saying:

    - *"I didn't call out not one day. I was letting y'all know what was going on."*
    - *"...I was let [sic] you know I'm in hospital face swallow up on me I trying see what do I need to do about job cause I don't want miss work."*

25. As demonstrated above, Plaintiff was so committed to maintaining her employment that she continued to proactively communicate with Defendant, seeking any possible way to continue her employment, demonstrating her willingness to not inconvenience Defendant despite her own medical needs.

26. The Defendant did not engage, and has not engaged, Plaintiff in any meaningful discussion regarding possible alternative reasonable accommodations for Plaintiff or offer any

reasonable alternatives to her working arrangement that would enable Plaintiff to continue her employment.

27. In fact, by cutting off Plaintiff's access to the phone number she had been texting Defendant through, Defendant made it impossible for Plaintiff to engage in a meaningful interactive dialogue.

28. Rather than engaging in a meaningful interactive process, Defendant terminated Plaintiff.

29. Plaintiff has been unlawfully discriminated against on the basis of her actual and/or perceived disabilities and for requesting an accommodation.

30. Plaintiff was disabled within the meaning of the ADA and/or Defendant perceived Plaintiff to be disabled.

31. At all times relevant, Plaintiff's disability was a physical impairment which substantially limited one or more major life activities within the meaning of § 12102(1)(A) of the ADA.

32. Plaintiff requested accommodations for her disability which is neither unreasonable nor burdensome for Defendant.

33. Defendant's failure to engage in the interactive process, its refusal to accommodate Plaintiff, and its subsequent termination of her employment constitute violations of the ADA. These were acts of discrimination, and retaliation against Plaintiff based on her disability.

34. As a direct and proximate result of Defendant's actions, Plaintiff has suffered severe emotional and physical distress, economic loss, and a permanent impact on her ability to maintain gainful employment and pursue a stable career.

35. Defendant was well aware of all of the above discriminatory actions that Plaintiff was being subjected to throughout her employment at Defendant HYUNDAI.

36. Defendant HYUNDAI willingly ignored its obligations to provide accommodation and prevent discrimination in the workplace - to the detriment of Plaintiff.

37. Defendant HYUNDAI's lack of action to help Plaintiff meant that Defendant HYUNDAI was acquiescing to the discrimination.

38. Throughout her medical ordeal and in communicating with Defendant HYUNDAI, Plaintiff felt stressed, anxious, fearful, and frustrated.

39. Plaintiff was terminated because of her disability, and in retaliation for engaging in protected activities.

40. Defendant HYUNDAI, its employees, agents, representatives, and/or subordinates had no good faith business justification for their individual and collective actions against Plaintiff.

41. Defendant's actions and conduct were intentional, grossly negligent, and intended to harm Plaintiff.

42. Plaintiff suffered future pecuniary losses, emotional pain, inconvenience, loss of enjoyment of life and other non-pecuniary losses.

43. Punitive damages are warranted against the Defendant.

## AS A FIRST CAUSE OF ACTION
## DISABILITY DISCRIMINATION IN VIOLATION OF
## THE AMERICANS WITH DISABILITIES ACT

44. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

45. As set forth in the paragraphs herein, Defendant discriminated against Plaintiff because of her disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

46. Plaintiff seeks all available remedies under the ADA, including compensatory damages,

punitive damages, injunctive relief, attorneys' fees, and costs.

## AS A SECOND CAUSE OF ACTION
## FAILURE TO PROVIDE REASONABLE
## ACCOMMODATIONS IN VIOLATION OF
## THE AMERICANS WITH DISABILITIES ACT

47. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

48. As set forth in the paragraphs herein, Defendant failed to accommodate Plaintiff's requests due to her disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

49. Plaintiff seeks all available remedies under the ADA, including compensatory damages, punitive damages, injunctive relief, attorneys' fees, and costs.

## AS A THIRD CAUSE OF ACTION
## RETALIATION IN VIOLATION OF
## THE AMERICANS WITH DISABILITIES ACT

50. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

51. As set forth in the paragraphs herein, Plaintiff engaged in protected activity by requesting accommodations for her disability to Defendant.

52. Plaintiff was retaliated against and terminated for her requests for accommodations due to her disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*

53. Plaintiff seeks all available remedies under the ADA, including compensatory damages, punitive damages, injunctive relief, attorneys' fees, and costs.

**JURY DEMAND**

54.     Plaintiff requests a jury trial on all issues to be tried.

**REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff prays that this Court enter judgment in favor of the Plaintiff and against the Defendants and assess lost wages, including back pay and front pay, actual, compensatory, emotional distress damages, liquidated damages and punitive damages, together with pre- and post-judgment interest, costs, attorney's fees, all other damages available under federal, and such other relief as this Court may deem equitable and appropriate.

Respectfully submitted this 2nd day of April 2025.

*/s/ Jenna Dakroub*
Jenna Dakroub, AL 1859B86J
CONSUMER JUSTICE LAW FIRM PLC
16130 Ventura Blvd., Suite 300
Encino, CA 91436
T: (602) 807-1525
F: (480) 613-7733
E: jdakroub@consumerjustice.com
*Attorneys for Plaintiff*
*Bonita Freshwater*